## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) TONY ALMEIDA, (2) LESLIE ALMEIDA,** | ) |
| **(3) CARY CUYLER, (4) SUSAN CUYLER,** | ) |
| **(5) LANA GARDNER, (6) CHARLES** | ) |
| **GARDNER (7) CHRISTIAN LARSEN,** | ) |
| **(8) KAREN B. LARSEN, (9) THOMAS** | ) |
| **RIBAUDO, and (10) CORI RIBAUDO,** | ) |
| **Individually and on Behalf of All Others** | ) |
| **Similarly Situated,** | ) |
| | ) |
| **Plaintiffs,** | ) **Case No. 17-cv-00126-JED-FHM** |
| | ) **(CLASS ACTION)** |
| **v.** | ) |
| | ) |
| **(1) BOKF, NA, d/b/a BANK OF OKLAHOMA,** | ) |
| | ) |
| **Defendant.** | ) |

## PLAINTIFFS' MOTION TO STRIKE OR INVALIDATE DEFENDANT'S OFFERS OF JUDGMENT AND BRIEF IN SUPPORT

Plaintiffs, Cary Cuyler, Susan Cuyler, Lana Gardner, Charles Gardner, Thomas Ribaudo and Cori Ribaudo ("Moving Plaintiffs") respectfully request that this Court enter an Order striking or invalidating the Offers of Judgment (the "Offers") submitted to Moving Plaintiffs by Defendant BOKF, NA, d/b/a Bank of Oklahoma ("BOKF"), as such Offers are nothing but a procedural ploy, designed to allow BOKF to avoid the requirements of Fed. R. Civ. P. 23 by threatening to hold Plaintiffs individually liable for BOKF's costs and attorney fees in order to force Plaintiffs to abandon the absent putative class members.[1] A brief in support of this Motion follows.

---

[1] BOKF's ploy has been at least partially successful. Individual Plaintiffs Tony Almeida, Leslie Almeida, Christian Larsen and Karen B. Larsen have decided to accept BOKF's Offers and dismiss their individual claims, out of a fear of being held liable for BOKF's costs and attorney fees. Because those Plaintiffs have accepted BOKF's Offers, Moving Plaintiffs seek to strike or invalidate only those Offers made to Moving Plaintiffs.

## INTRODUCTION

Plaintiffs, individually and on behalf of all others similarly situated (the "Class"), filed this action against BOKF, NA, d/b/a Bank of Oklahoma, ("BOKF") for the ongoing breach of its duties as Indenture Trustee to protect Plaintiffs and the Class. The Class consists of the municipal bondholders who purchased municipal bond offerings (the "Edwards Offerings") organized and conducted by Dwayne Edwards ("Edwards") and Todd Barker ("Barker"), and were defrauded by those offerings.   BOKF served as Indenture Trustee for six of the Edwards Offerings.

In March 2017, Plaintiffs filed this action against Defendant BOKF for aiding and abetting the fraud and breach of fiduciary duty committed by Edwards and Barker; as well as claims for negligence, gross negligence, and breach of fiduciary duty committed by BOKF with regard to its administration of the Edwards Offerings. Plaintiffs also asserted claims against BOKF for civil conspiracy and violations of the Georgia Blue Sky Law.

On April 6, 2017, BOKF filed a Motion to Dismiss [Doc. 15]. On May 8, 2017, Plaintiffs filed their Response [Doc. 23], objecting to BOKF's Motion. The Motion was fully briefed as of June 1, 2017, when BOKF filed its Reply [Doc. 27]. On October 11, 2018, this Court entered a Minute Order [Doc. 30] striking the Scheduling Conference that had been set for October 11, 2018, stating that a Scheduling Order would be entered upon the ruling of BOKF's Motion to Dismiss. Plaintiffs' Motion for Early Discovery [Doc. 33] filed on May 9, 2019, was denied by Order [Doc. 38] dated July 18, 2019.

On July 8, 2020, this Court entered its Order [Doc. 40] on BOKF's Motion to Dismiss, dismissing Plaintiffs' claims other than the claim for gross negligence. From April 6, 2017, when BOKF filed its Motion to Dismiss, until July 8, 2020, when this Court ruled on the Motion, this action was effectively held in abeyance.

2

Subsequently, on September 9, 2020, a Scheduling Order [Doc. 49] was entered, setting deadlines for Initial Disclosures of October 15, 2020; Class Discovery Cutoff for December 4, 2020; and Motion for Class Certification for January 4, 2021. Although this action has been pending for over three years, Plaintiffs have not been dilatory in seeking class certification. Plaintiffs initially served BOKF with written discovery requests, some of which are relevant to the certification issue, in June, 2018. BOKF refuses to provide responses to the requests until: this Court holds a scheduling conference and issues a discovery management order; and initial disclosures are exchanged between the parties. *See* BOKF's Responses to Ribaudo Interrogatories and Requests for Production, **Exhibits 1** and **2**, respectively.  As of the date of this Motion, BOKF still has not responded to Plaintiffs' discovery requests.

On September 22, 2020, less than three months after the Court ruled on the Motion to Dismiss and approximately two weeks after the Scheduling Order was entered, BOKF submitted Offers of Judgment to Plaintiffs, the representatives for the putative class in this case, pursuant to FED.R.CIV.P. 68 and OKLA.STAT. tit. 12, §1101.1(B)(A). *See* **Exhibits 3 -8**, attached. These Offers do not provide for any relief to the putative class members Plaintiffs seek to represent.

BOKF's Offers are an attempt to pick off the putative class representatives in the hopes of avoiding liability for class wide relief.  BOKF seeks to force Plaintiffs into a legal catch-22 - accept BOKF's offer of judgment, to the detriment of the members of the class Plaintiffs seek to represent, or proceed with this action under BOKF's threat to hold these Plaintiffs individually responsible for BOKF's costs and attorney fees incurred after the date of the offers.

Moving Plaintiffs request this Court strike BOKF's Offers of Judgment made to them, or otherwise declare the Offers invalid or void, to preclude the shifting of BOKF's costs and attorney

fees onto these individual Plaintiffs, just as at least one Oklahoma court and many other courts across the country have done under similar circumstances.

## ARGUMENT AND AUTHORITIES

I. **OFFERS OF JUDGMENT SHOULD NOT BE USED TO UNDERMINE CLASS ACTIONS.**

A. **Precertification offers of judgment to putative class representatives are contrary to the purpose of Rule 23 class actions**.

BOKF's Offers are nothing more than an attempt to short circuit the purpose of class action lawsuits by pitting Plaintiffs' interests against the interests of the putative class they seek to represent. The purpose of the federal procedure for class actions "is to aggregate into a single proceeding multiple claimants (typically hundreds, thousands, or more) who have suffered similar harms as a result of a defendant's wrongdoing" in order to "promote[] efficiency by resolving in one action issues which would otherwise be litigated in multiple individual cases . . . [and] make it possible to obtain relief for relatively minor injuries." *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 385 (S.D. Ohio. 2008).

Rule 68 of the Federal Rules of Civil Procedure provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." FED. R. CIV. P. 68(a). If the plaintiff does not accept the offer, and the relief that the plaintiff finally obtains is less favorable than the unaccepted offer, the plaintiff must pay the costs incurred after the offer was made. FED. R. CIV. P. 68(d).

Similarly, pursuant to OKLA. STAT. tit. 12, §1101.1(B), a defendant is entitled to recovery of both costs and attorney fees if a rejected offer of judgment exceeds the ultimate recovery by the plaintiff. The Tenth Circuit has held Rule 68, which shifts liability only for costs and not attorney

fees, is procedural and thus controls the procedure for making an offer of judgment, while Section 1101.1 is substantive and controls with regard to the recovery of attorney fees. *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1278 (10th Cir. 2011). Thus in this case, BOKF has the added leverage of threatening to hold Plaintiffs individually liable for BOKF's costs *and* attorney fees to force them to abandon the putative class. This greatly increases the potential liability faced by the putative class representatives in this case.

Class action defendants have seized upon this rule in an effort to undermine and defeat class actions. Initially, defendants sought to have class actions declared moot by using Rule 68 to tender "complete relief" to putative lead plaintiffs. This tactic was recently shut down by the Supreme Court, which held that an unaccepted Rule 68 offer does not moot a putative class action plaintiff's claim. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016). *See also*, *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011)(offer of judgment in full amount of individual plaintiff's claim, made prior to class certification decision, does not render class action moot.).

Despite the holding in *Gomez,* class action defendants have continued their attempts to use Rule 68 to escape from otherwise legitimate and well-pled class actions by attempting to inject a conflict between the named individual plaintiff and the putative class members the plaintiff seeks to represent. By threatening to make Moving Plaintiffs potentially responsible for BOKF's costs and attorney fees if BOKF's offer is rejected, Moving Plaintiffs are forced to weigh their own interests in avoiding such liability against their duty to putative class members. Put simply:

> Each time Plaintiff pushes the litigation forward on behalf of the class, the cost-shifting risk to Plaintiff individually ratchets up, thus disincentivizing Plaintiff from acting in the best interest of the class. The putative class representative should not have to shoulder this ongoing conflict between his duties to vigorously pursue class certification and otherwise protect the interests of the class while running the risk that Defendant's costs will be shifted back to him.

*Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 335 (D. Minn. 2011); *accord Stewart v. Cheek & Zeehandelar*, LLP, 252 F.R.D. 384, 386 (S.D. Ohio 2008). Rather than use an Offer of Judgment to moot Plaintiffs' claims, as it can no longer do, BOKF seeks to accomplish the same result by scaring Plaintiffs away.

This type of misuse of offers of judgment is contrary to both the intent of Rule 68 and of Rule 23. Offers of judgment were never intended to be "an escape hatch from every lawsuit." *Nash v. CVS Caremark Corp.*, 683 F. Supp. 2d 195, 196 (D.R.I. 2010). "[N]othing in Rule 68 itself suggests that it should be used as a vehicle for sabotaging claim-aggregating devices like [] Rule 23." *Id.* As the federal district court in Minnesota explained:

> The other issue is whether a precertification offer of judgment creates an impermissible conflict of interest between the putative class representative and the putative class. As discussed at the outset, if the putative class representative faces cost liability but the putative class does not, this creates an incentive for the representative to act against the interests of the class. Because of this conflict, some courts have invalidated precertification offers of judgment.
>
> *            *            *
>
> This Court concludes that, to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective.

*Lamberson v. Fin. Crimes Servs., LLC*, 2011 WL 1990450, at *3-*4 (D. Minn. April 13, 2011) (internal citations omitted)*.*

Precertification offers of judgment are especially concerning because it is the time before the certification of the class when the work of the class representative is often the most important, time-consuming, and risky, because this is when the representative seeks to convince the court that the claim is worthy of class certification--an expensive proposition with no guarantee of success. *See Boles v. Moss Codilis, LLP,* 2011 WL 4345289, at *2 (W.D. Tex. Sept. 15, 2011) (striking offer of judgment to proposed class representative). "As a result, the Rule 68 offer places improper pressure

6

on the named plaintiff to drop the class action. This result, however, is not the one intended by Rule 68." *Id.* at *2-*3.

      **B.**    **Courts frequently strike precertification offers of judgment**.

Because offers of judgment were never intended to be used to impose this kind of conflict in order to defeat the purpose of class actions, courts often strike precertification offers of judgment made on an individual basis to proposed class representatives in Rule 23 class actions.

For example, in *Nayfa v. Papa's Leatherbarn, LLC,* Oklahoma's Western District granted a class action plaintiff's motion to strike the defendant's offer of judgment, in part because a class action defendant should not be allowed to avoid class certification by picking off the putative class representatives by tendering offers of judgment. *Nayfa v. Papa' Leatherbarn, LLC,* No. CIV-10-80-W, 2010 WL 11451122, at *2 (W.D. Okla. July 6, 2010). The court in that case recognized a split in authority as to the applicability of offers of judgment in class action lawsuits, finding, however, that a defendant's "purposeful action" should not be allowed to defeat the purpose of class actions. *Id.,* at n. 3, citing *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326 (1980)(requiring multiple plaintiffs to bring separate actions which effectively could be "picked off" by defendant's tender of judgment before affirmative ruling on class certification could be obtained, frustrates objectives of class actions and invites waste of judicial resources); *Reed v. Heckler*, 756 F.2d 779 (10th Cir. 1985)(denial of class certification cannot be rendered moot by purposeful action of defendant).

The federal district court in the Eastern District of Pennsylvania described these pre-certification offers attempts "to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw [and] to inject a conflict of interest between her and those she seeks to represent" by threatening to impose costs against her. *Zeigenfuse v. Apex Asset*

*Mgmt.*, L.L.C., 239 F. R. D. 400, 402-403 (E.D. Pa. 2006) (striking precertification offer of judgment in class action). *See also*, *Smith v. NCO Fin. Sys., Inc.,* 257 F.R.D. 429, 433-434 (E.D. Pa. 2009) (offer of twice what plaintiff could recover on her relatively small individual claim was impermissible … because it pitted her interests against those of putative class by forcing her to choose between guaranteed double individual recovery and risk of recovering nothing if she pursued class action and failed to secure class certification).

The federal district court in Nebraska struck a pre-certification offer addressed only to a lead plaintiff, noting threat of cost-shifting caused the plaintiff's "fiduciary obligations to the putative class members [to be] pitted against [the plaintiff's] own." *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602 (D. Neb. 2007). Thus the court held the offer was properly stricken in order to prevent it "from undermining the use of the class action device" and because it "serves no useful purpose at this stage of a potential class action." *Id.* at 603. *See also*, *Prater v. Medicredit*, 301 F.R.D. 398, 399-401 (E.D. Mo. 2014) ("[P]recertification offers should be stricken or invalidated where such offers create an early conflict of interest between the putative class representative and potential class members.").

Numerous courts in other jurisdictions throughout the country have granted motions to strike precertification offers of judgment for similar reasons. *Stewart*, 252 F.R.D. at 386-87 (granting motion to strike Rule 68 Offer made before class-certification motion was filed); *Janikowski v. Lynch Ford, Inc.*, No. 98 C 8111, 1999 WL 608714, at *2 (N.D. Ill. Aug. 5, 1999), aff'd, 210 F.3d 765 (7th Cir. 2000)(striking precertification offer of judgment due to conflict of interest such offer imposed on plaintiff); *Sampaio v. People First Recoveries, LLC*, No. 07-22436-CIV, 2008 WL 509255, at *1 (S.D. Fla. Feb. 19, 2008) ("[T]he threat of costs associated with silence in the face of

the offer serves no useful purpose at this stage of a potential class action" and the offer "must now be stricken to prevent it from undermining the use of the class action device.").

Precertification offers of judgment made to the individual putative class representatives for the purpose of avoiding class action liability are not made in good faith and should not trigger the cost-shifting provision of Rule 68. "Federal courts apply Rule 68(d)'s cost-shifting provisions so long as the offer is made in 'good faith.'" *Slovin v. Sunrun, Inc.*, Case No. 15-cv-5340, 2017 WL 2902902, *1 (N.D. Cal. July 7, 2017) (collecting cases). An offer that in form might satisfy Rule 68 "might nevertheless be denied the Rule 68 cost-shifting consequences because [it was] sham or made in bad faith." *Id*. These offers are not being made to discourage an individual plaintiff from "persisting vexatiously after refusing an offer of settlement" but from "faithfully representing the interests of the putative class." *Id*. Because such an offer creates an impermissible conflict between the plaintiff and the putative class and is inconsistent with the court's duty to protect the putative class members, it should be held ineffective or stricken. *Id.,* at *5, n. 5.

That is precisely the situation here. BOKF's Offers were not intended to resolve the case as pled, or shift costs to a vexatious litigant who refuses to settle, but instead were intended to force a conflict between Plaintiffs and the class they seek to represent. Indeed, the Offers alone immediately force Plaintiffs to choose between their duties to the putative classes (reject the Offers and proceed, but risk the shifting of fees and costs), and what may be in their own individual best interests (accept the Offer and abandon the classes but avoid the risk of fee and cost-shifting). As long as the threat of BOKF's fees and costs being imposed on Plaintiffs, each decision Plaintiffs make, no matter how beneficial for the class, will need to be weighed - even if subconsciously - against the corresponding cost increase of that decision for which Plaintiffs may ultimately be held responsible.

For example, certain depositions may be more necessary and lengthier than those depositions would be in an individual litigation. Indeed, the motion for class certification itself will necessarily increase fees and costs for all parties. Even this motion, which is necessary to protect the putative class, may increase the fees and costs that could be shifted. In this case, the fact that BOKF threatens to impose liability on Moving Plaintiffs for its attorney fees and well as its costs greatly increases the potential conflict of interest. Consequently, the Offers should be stricken, or held ineffective.

### C.     Courts frequently hold precertification offers of judgment to be ineffective.

Some courts have refused to strike precertification offers of judgment because they are not filed with the court, but have nevertheless invalidated such offers, finding they have no "legal force and therefore cannot be used to shift costs onto Plaintiff." *Ackerman v. Am. Greetings Corp.*, No. CV 15-1656, 2015 WL 9581751, at *3 (D.N.J. Dec. 30, 2015).  In that case, the court noted that "in the class context, the 'offeree' who is at risk of paying costs is not the named Plaintiff, individually. The rule refers to the 'offeree' as the 'opposing party.' Fed. R. Civ. P. 68(a). In class actions, 'the [opposing] party should be conceived of as the individual class; the named plaintiff and other unnamed class members should not be thought of individually as [opposing] parties." *Id.* at *4, citing *McDowall v. Cogan*, 216 F.R.D. 46, 50 (E.D.N.Y. 2003). In the precertification stage, the proper offeree for the purpose of offers of judgment is the putative class itself, not the named plaintiff. *Id.*

10

at *4.[2] Because a precertification offer to the named plaintiff is not made to the correct opposing party, it is ineffective. *Id.*

Similarly, a New York district court invalidated a precertification offer of judgment in a class action, finding "that if a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone." *McDowall v. Cogan*, 216 F.R.D. 46, 51 (E.D.N.Y. 2003). This rule "makes abusive use of offers of judgment less likely," since precertification offers of judgment "often are thinly-veiled efforts to 'pick off' the putative class representative," to allow defendants to avoid liability for class wide relief. *Id.* at 51-52. If class action defendants are "required to make offers to all putative class members and not just to the named plaintiff, defendants will resort to this tactic only when they wish to take good faith steps to resolve cases speedily and equitably." *Id.* at 52. *See also*, *Mavris v. RSI Enterprises Inc.*, 303 F.R.D. 561, 566 (D. Ariz. 2014) (court held precertification offer of judgment ineffective, stating '[p]icking off' class representatives with paltry sums, thereby leaving other putative class members in the lurch, is an abuse of the Federal Rules that is designed to do nothing more than frustrate class actions."); *Gilmore v. USCB Corp.*, 323 F.R.D. 433 (M.D. Ga. 2017)

---

[2] This rule is consistent with those courts holding a precertification offer of judgment "disappears" once the class is certified, and has no legal effect thereafter. *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 244 (N.D. Ill. 2001); *Whitten v. ARS Nat. Servs., Inc.*, No. 00 C 6080, 2001 WL 1143238, at *7 (N.D. Ill. Sept. 27, 2001) (finding precertification offer of judgment lost force when motion to certify class was granted, transforming adverse party from individual plaintiff to class). *See also*, *Borup v. CJS Sols. Grp., LLC*, 333 F.R.D. 142, 147 (D. Minn. 2019) ("When an offer of judgment is only to the named plaintiff, that offer necessarily disappears upon certification, as did the named plaintiff who now stands in the shoes of the entire class.")

(finding the offer to be ineffective for purposes of Rule 68(d)'s cost-shifting provision);[3]

In this case, by issuing the Offers only to the named Plaintiffs, BOKF intentionally created a conflict between Plaintiffs and the class they seek to represent, undercutting Plaintiffs' ability to effectively represent the class. This could potentially provide BOKF with an argument against Plaintiffs' adequacy when they move for class certification. This is contrary to the intended use of both Rule 68 and OKLA.STAT. tit. 12, §1101.1(B), and is merely a means to accomplish the same result foreclosed by the Supreme Court in *Gomez.* Because BOKF issued the Offers only to the named Plaintiffs instead of the putative class, the Offers should be held ineffective, if not stricken.

### D.    This Court has the authority to strike or invalidate BOKF's Offers.

Pursuant to FED. R. CIV. P. 23(d), the Court may "issue orders" that "impose conditions on the representative parties" and "deal with similar procedural matters." "[Rule 23(d)] specifically empowers district courts to issue orders to prevent abuse of the class action process." *In re School Asbestos Litigation*, 842 F.2d 671, 680 (3d Cir. 1988). The Court possesses such authority even prior to class certification. *See, e.g., Gilmore v. USCB Corp.*, 323 F.R.D. 433, 435 (M.D. Ga. 2017); *Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476, 484 (S.D.N.Y. 2012); *Tolmasoff v. GM, LLC,* Case No. 16-11747, 2016 U.S. Dist. LEXIS 85101, *23 (E.D. Mich., June 30, 2016).[4]

---

[3] District courts have, on occasion, refused to strike or invalidate pre-certification offers of judgment. No reported decision was found within the Tenth Circuit refusing to strike or invalidate a pre-certification offer of judgment in connection with a Rule 23 class action. Refusing to do so would run counter to the policy stated by the Tenth Circuit in *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1244 (10th Cir. 2011) (agreeing that a defendant cannot "pick-off" a named plaintiff by way of pre-certification Rule 68 offers of judgment).

[4] In *Slovin*, the court rejected the defendant's contention the court lacked jurisdiction to declare a Rule 68 offer ineffective, stating "Rule 68 may not categorically bar Rule 68 offers of judgment in class actions, but this does not support defendant's position this Court cannot declare a Rule 68 offer ineffective when the offer runs contrary to the purposes of Rule 23 and Rule 68." *Slovin,* 2017 WL 2902902, at *5.

Alternatively, the Court has the necessary authority under its inherent powers. *See, e.g. Johnson*, 276 F.R.D. at 336 (finding that it is within a court's inherent powers to strike an offer of judgment, even if not a pleading or one of the circumstances called for in Rule 12(f)) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991) (holding that a court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).

Accordingly, the Court has authority to enter an order striking or invalidating BOKF's Offers made to the Moving Plaintiffs. The Court should exercise that authority here, because, as discussed in detail above, BOKF's Offers undermine the purpose of class actions. As one federal court reasoned:

> [Allowing mooting or cost-shifting from a pre-certification Rule 68 offer] would seriously undermine the purpose of Rule 23, which recognizes "[a] significant benefit to claimants who choose to litigate their individual claims in a class-action context [by] reducing their costs of litigation, particularly attorney's fees, by allocating such costs among all members of the class who benefit from the recovery. . . and permit[ing] the plaintiffs to pool claims which would be uneconomical to litigate individually. . . . Striking the Rule 68 offer is the most efficient and effective way to acknowledge that the offer is invalid. It also is the result most consistent with this Court's duty to protect the putative class members and "manage the class action in a manner consistent with the purposes of Rule 23. (internal quotation marks and citations omitted).

*Boles v. Moss Codilis, LLP*, Case No. 10-cv-1003, 2011 WL 4345289, *1, *2-4 (W.D. Tex. Sept. 15, 2011). Further, the Court's exercise of this power here would be consistent with its duty "[to act as the guardian of the rights of class members] even if a class has not yet been certified." *Schultzen v. Woodbury Cent. Cmty. Sch. Dist.*, 217 F.R.D. 469, 470 (N.D. Iowa 2003) (alterations in original); *Slovin*, 2017 U.S. Dist. LEXIS 105474 at *11 (finding that "invalidating a Rule 68 offer is consistent with the court's duty to protect the putative class members and manage the class action in a manner consistent with the purposes of Rule 23."); *In re School Asbestos Litigation*, 842 F.2d at 680 ("[Rule

13

23(d)] furthers the Federal Rules' dual policy of protecting the interests of absent class members while fostering the fair and efficient resolution of numerous claims involving common issues."). Rule 23 *requires* the court to act to prevent a circumvention of the class action mechanism. *Johnson*, 276 F.R.D. at 336.

BOKF's Offers jeopardize the rights of absent class members because the Offers presently and potentially hinder Moving Plaintiffs' ability to fully represent the interests of the class without regard to their own separate considerations. The Court can remove that conflict of interest by striking the Offers, or invalidating the threat of sanctions carried by those Offers, and doing so would be consistent with the Court's duty to protect the absent putative class members.

### E.    Alternatively, Moving Plaintiffs request an extension of time to respond to BOKF's Offers.

If this Court decides not to strike or invalidate BOKF's Offers, Moving Plaintiffs respectfully request the Court allow Moving Plaintiffs fourteen (14) days from any ruling on a timely Motion for Class Certification to decide whether to accept the Offers, with any shifting of fees or costs accruing from that point if Moving Plaintiffs reject the offers.

### CONCLUSION

BOKF's Offers are an improper attempt to avoid class action liability by picking off the class representatives under threat of being held liable for BOKF's costs and attorney fees. If allowed to stand, these offers frustrate the purpose of class actions under Rule 23, to promote efficiency in the judicial system by "resolving in one action issues which would otherwise be litigated in multiple individual cases . . . [and] make it possible to obtain relief for relatively minor legal injuries." *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 385 (S.D. Ohio. 2008)(internal citations omitted).

WHEREFORE, based on the argument and authorities set forth above, Moving Plaintiffs, Cary Cuyler, Susan Cuyler, Lana Gardner, Charles Gardner, Thomas Ribaudo and Cori Ribaudo, respectfully request that this Court enter an Order striking or otherwise holding ineffective BOKF's Offers of Judgment made to Moving Plaintiffs, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

s/Mary B. Abernathy
Randall K. Calvert, OBA #14154
Mary B. Abernathy, OBA #13254
Andrew R. Davis, OBA #32763
CALVERT LAW FIRM
1041 NW Grand Boulevard
Oklahoma City, Oklahoma 73118
Telephone: (405) 848-5000
Facsimile: (405) 607-3070
rcalvert@calvertlaw.com
mabernathy@calvertlaw.com
adavis@calvertlaw.com
*Attorneys for Moving Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record here:

Frederic Dorwart
fdorwart@fdlaw.com

James Allen Higgins
jhiggins@fdlaw.com

Jared Michael Burden
jburden@fdlaw.com

Nora Rose O'Neill
noneill@fdlaw.com

*Attorneys for Defendant BOKF, NA,*
*d/b/a Bank of Oklahoma*

s/Mary B. Abernathy
MARY B. ABERNATHY