UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONY ALMEIDA et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-126-JED-CDL |
| | ) | |
| BOKF, NA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Court has for its consideration the plaintiffs' motion to strike (Doc. 52). In the motion, several of the named plaintiffs in this putative class action ask the Court to strike or otherwise invalidate offers of judgment submitted to them by Defendant BOKF, NA. In the alternative, they ask the Court to extend the deadline for accepting the offers. For the reasons explained below, the Court declines to invalidate the offers of judgment but orders that the offers be held open for a period of seven days from the entry of this order.

I. DISCUSSION

Shortly after the Court ruled on BOKF's motion to dismiss (Doc. 15), the bank submitted offers of judgment under Rule 68 of the Federal Rules of Civil Procedure and Rule 68's state-law counterpart, Okla. Stat. tit 12, § 1101.1(B). Like the federal rule, Oklahoma's offer of judgment statute establishes a cost-shifting mechanism meant to encourage settlement and discourage litigation of doubtful claims. Under both rules, when a defendant offers to concede judgment on specified terms but the plaintiff declines, the plaintiff will be responsible for the defendant's subsequent costs if the plaintiff ultimately wins a judgment whose terms are less advantageous than those offered by the defendant. There are important differences, however. Oklahoma's rule explicitly provides for the recovery of attorney fees and for counteroffers that bind a defendant in

the same way that an offer binds the plaintiff. Okla. Stat. tit. 12, § 1101.1(B)(2) to (4). And, unlike Rule 68, § 1101.1 applies even if the offering defendant, rather than the plaintiff, ultimately prevails after the offer's rejection. *Compare Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) *with Hubbard v. Kaiser-Francis Oil Co.*, 256 P.3d 69, 72 (Okla. 2011). Thus, Oklahoma's statute raises the stakes significantly for a plaintiff who refuses a formal offer of judgment, but it also permits the plaintiff to turn the tables on a defendant who makes a low offer.

The two rules also differ as to the procedure for making and accepting an offer of judgment. Under Rule 68, offers of judgment are only filed of record after an offer is accepted. Under Oklahoma's rule, offers and counteroffers are filed with the court, whether or not they are ultimately accepted. The Tenth Circuit has held that, when a party offers judgment in a diversity case under both § 1101.1 and Rule 68, Rule 68 controls the procedure for making an offer of judgment, while § 1101.1 controls with regard to the availability of attorney fees. *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1278 (10th Cir. 2011).

Offers of judgment, whether submitted under § 1101.1 or Rule 68, raise thorny issues when submitted to plaintiffs purporting to represent a yet-to-be-certified class.[1] Due to the coercive nature of the cost-shifting mechanism, defendants in a putative class action can use offers of judgment to "pick off" the named plaintiffs. Faced with the risk that they may be held responsible for the cost of future litigation, which might exceed their individual stake in any recovery, plaintiffs

---

[1] *See generally* Mary Kay Kane, *Federal Practice and Procedure* (Wright & Miller) § 3001.1 (3d ed., Oct. 2020 update) (weighing arguments and collecting cases); Thomas D. Rowe, Jr., *Moore's Federal Practice* § 68.04A (3d ed., June 2020 update) (same); Jack Starcher, Note, *Addressing What Isn't There: How District Courts Manage the Threat of Rule 68's Cost-Shifting Provision in the Context of Class Actions*, 114 Colum. L. Rev. 129 (2014) (offering an in-depth analysis of the various approaches to the issue and arguing for limited cost-shifting for pre-certification offers of judgment).

may opt to abandon the putative class members and take the deal. If all the named plaintiffs do likewise, a defendant may be able to avoid class certification entirely.

Oklahoma courts do not appear to have considered whether an offer of judgment under § 1101.1 is valid when submitted in a class action before the class has actually been certified, but many federal courts have concluded that the dynamic such offers create is inconsistent with the policy of class certification under Rule 23. By placing the potential liability on the putative class representative, a pre-certification offer may create a conflict of interest between her and members of the putative class by forcing her to "weigh her own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class." *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 402 (E.D. Pa. 2006).

Courts have taken differing approaches to resolving this tension. Some courts have held that a pre-certification offer has no force. *See, e.g.*, *McDowall v. Cogan*, 216 F.R.D. 46, 50 (E.D.N.Y. 2003) (reasoning that, "[i]n certain class actions, the adverse party should be conceived of as the indivisible class"). Other courts have preempted the offers by striking them on a motion from the plaintiffs. *See, e.g.*, *Janikowski v. Lynch Ford, Inc.*, No. 98 C 8111, 1999 WL 608714, at *2 (N.D. Ill. Aug. 5, 1999).

Although these solutions have some appeal, the Court declines to adopt them here. For one, the state's offer of judgment statute provides that "[t]his section shall apply to *all* civil actions." Okla. Stat. tit 12, § 1101.1(G) (emphasis added). The Court is disinclined to create a judicial exception in the face of such unambiguous statutory language. Furthermore, in many of the cases where courts have invalidated pre-certification offers of judgment under Rule 68, at least some of the underlying causes of action arose from a remedial statute. *See, e.g.*, *McDowall*, 216 F.R.D. 46; *Janikowski*, 1999 WL 608714; *Gay v. Waiters' & Dairy Lunchmen's Union Local No. 30*, 86

F.R.D. 500 (N.D. Cal. 1980). By discouraging plaintiffs from pursuing claims on behalf of similarly situated individuals, application of Rule 68 arguably undermines the legislative policy in favor of such actions. Here, the plaintiffs' remaining cause of action—a gross negligence claim—arises under common law. Application of § 1101.1 in this context, therefore, does not come at the expense of an express public policy. Given the language of the state's rule, and the absence of a remedial statute expressing public policy in favor of the type of claim at issue, the Court holds that BOKF's offers of judgment are valid and enforceable.

The Court now turns to the plaintiffs' request to extend the deadline for responding to BOKF's offers. An offer of judgment is considered withdrawn if not accepted within 14 days, Fed. R. Civ. P. 68, but a court may grant an extension for "good cause." Fed. R. Civ. P. 6(b). Here, the offers were served on September 22. Consequently, absent an extension, the offers were withdrawn as of October 7, 2020.

Under these circumstances, the Court finds good cause to extend the deadline. The purpose of the offer of judgment rule is to force plaintiffs to carefully consider the merits of their claim before continuing to litigate in the face of a settlement offer. In doing so, the plaintiff must weigh the risks of refusing an offer against the potential for a more advantageous judgment. In this case, the plaintiffs could not properly assess the risk because the law is unsettled as to whether named plaintiffs can be held to a pre-certification offer of judgment. Thus, it was reasonable for them to seek a determination of the issue before responding and to ask that the deadline be tolled in the meantime.

This is not a case where the plaintiffs seek to keep the offers open so they can see which way the merits-winds are blowing. In each of the cases cited by BOKF, the requested extension came as the court was considering potentially dispositive motions. *See Leach v. N. Telecom, Inc.*,

141 F.R.D. 420, 422, 427–28 (E.D.N.C. 1991); *Staffend v. Lake Cent. Airlines, Inc.*, 47 F.R.D. 218, 219–20 (N.D. Ohio 1969). Ruling on those motions would have radically altered the relative bargaining positions of parties, so it would have been unfairly prejudicial to allow the plaintiffs, at their option, to accept an offer that was made under materially different conditions. No such danger exists here.

The Court has issued no substantive rulings in this case since BOKF submitted its offers, and, other than the motion now under consideration, the only currently pending motion is BOKF's motion to strike certain allegations from the complaint (Doc. 46). Because the Court has already dismissed most of the plaintiffs' claims, a ruling on BOKF's motion to strike would seem unlikely to substantially change the relative bargaining position of the parties. In any case, any prejudice can be avoided by holding BOKF's motion in abeyance until the extended offer period has expired.

## II. CONCLUSION

For the reasons set out above, plaintiffs' motion (Doc. 52) is **granted in part** and **denied in part**. Because the Court holds that BOKF's offers of judgment are valid and enforceable, the plaintiffs' request to strike the offers or otherwise invalidate them is denied. Nevertheless, the Court finds good cause to extend the deadline for the plaintiffs to respond to BOKF's offers of judgment. Any plaintiff who wishes to respond to the offers of judgment shall do so within seven days of the entry of this order. BOKF's pending motion to strike (Doc. 46) will be held in abeyance until the extended offer period has closed.

SO ORDERED this 17th day of December, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT